# EXHIBIT 3

FILED
U.S. DISTRICT COURT

2014 MAY 19 A 9:53

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

**Matthew L. Lalli, 6105**
mlalli@swlaw.com
**James D. Gardner, 8798**
jgardner@swlaw.com
**SNELL & WILMER**
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1547
Telephone: (801) 257-1929
Facsimile: (801) 257-1800

*Attorneys for Nominal Defendant*
*Headwaters Incorporated*

**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Blaine J. Benard, 5661**
BJBenard@hollandhart.com
**Christopher B. Hadley, 14055**
cbhadley@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Kirk A. Benson, E.J. Garn,*
*Raymond J. Weller, R Sam Christensen,*
*William S. Dickinson, Malyn K. Malquist,*
*Blake O. Fisher, Jr., and James A. Herickhoff*

[Additional Parties and Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JAMES W. EDWARDS,** derivatively on behalf of HEADWATERS INCORPORATED and individually on behalf of himself and all other similarly situated shareholders of HEADWATERS INCORPORATED,<br><br>    Plaintiff,<br><br>vs. | **[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING DERIVATIVE AND CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE** |

| | |
|---|---|
| **KIRK A. BENSON, E.J. GARN, RAYMOND J. WELLER, R. SAM CHRISTENSEN, WILLIAM S. DICKINSON, MALYN K. MALQUIST, BLAKE O. FISHER, JR., JAMES A. HERICKHOFF, GRANT E. GUSTAFSON** and **SYLVIA SUMMERS,** | Civil Case No.: 2:13-CV-00330-BSJ<br><br>Judge Bruce S. Jenkins |
|        Defendants,<br>and | |
| **HEADWATERS INCORPORATED,** | |
|        Nominal Defendant. | |

WHEREAS, the parties having made application, pursuant to Federal Rules of Civil Procedure 23(a), (b)(1)(A), and 23.1, for an order (i) preliminarily approving the settlement ("Settlement") of the above-captioned action ("Action"), in accordance with the Stipulation of Settlement dated May 16, 2014 ("Stipulation"), which, together with the Exhibits appended thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; (ii) approving the form and content of the Summary Notice of Proposed Settlement of Derivative and Class Action ("Summary Notice") for publication in *Investor's Business Daily* and the form and content of the Notice of Proposed Settlement of Derivative and Class Action ("Notice") to be filed with the United States Securities and Exchange Commission on Form 8-K; and (iii) setting a hearing for final approval of the Settlement; and

WHEREAS, all capitalized terms contained herein shall have the same meanings set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and Exhibits appended thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for Settlement and dismissal with prejudice of the Action.

2.      For purposes of the Settlement only, and pending the Settlement Hearing, the Action is provisionally certified as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)(A) on behalf of the Class consisting of all owners of Headwaters Incorporated

1

("Headwaters" or the "Company") common stock as of December 31, 2012, the record date for the determination of stockholders who were entitled to vote at the 2013 Annual Meeting, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them. Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person. Also excluded from the Class are those record and beneficial owners of Headwaters common stock who validly request exclusion from the Class, to the extent that they are able to do so under Rule 23 of the Federal Rules of Civil Procedure, pursuant to the Notice. For purposes of the Settlement only, Plaintiff James W. Edwards shall be certified as the representative of the Class and Eduard Korsinsky of the law firm Levi & Korsinsky, LLP and Nelson Abbott of the Abbott Law Firm appointed Class Counsel.

3. The Settlement Hearing shall be held before this Court on August 28, 2014 at 2:00 p.m. at 351 South West Temple, Room 7.200, Salt Lake City, Utah 84101, to determine: (i) whether the Court should conditionally certify the Action as a class action pursuant to Federal Rule of Civil Procedure 23; (ii) whether the settlement of the Action on the terms set forth in the Stipulation should be finally approved by the Court as fair, reasonable, and adequate to Headwaters, Current Headwaters' Stockholders, and Class members; (iii) whether the dismissal of the Action with prejudice, pursuant to the Stipulation, should be approved by the Court and judgment in all material respects substantially in the form attached to the Stipulation as

2

Exhibit "C" entered; (iv) whether, subject to the terms of the Stipulation, the Court should approve the award of attorneys' fees to Plaintiff's Counsel in the amount of $500,000, which is the amount the Company has agreed to pay to Plaintiffs' Counsel in this Action subject to the terms of the Stipulation; and (v) such other matters as will properly come before the Court.

4. The Court approves, as to form and content, the Notice and Summary Notice appended as Exhibits "A" and "D", respectively, to the Stipulation, and finds that their dissemination substantially in the manner and form set forth in this Order, meets the requirements of Federal Rules of Civil Procedure 23(a), (b)(1)(A), 23.1, and of due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5. Not later than twenty (20) calendar days following entry of this Order, Headwaters shall cause a copy of the Summary Notice substantially in the form appended as Exhibit "D" to the Stipulation to be published in *Investor's Business Daily*.

6. Not later than twenty (20) calendar days following entry of this Order, Headwaters shall disseminate the Notice to Headwaters stockholders by causing the Notice substantially in the form appended as Exhibit "A" to the Stipulation to be filed with the United States Securities and Exchange Commission on Form 8-K.

7. At least twenty-eight (28) calendar days prior to the Settlement Hearing, Plaintiff shall serve on counsel in this Action and file with the Court its papers in support of final approval of the Settlement and its application for the Fee Award with any brief and other papers in support thereof.

3

8. At least fourteen (14) calendar days prior to the Settlement Hearing, Defendants shall serve on counsel in the Action and file with the Court their opposition to Plaintiff's Motion for Preliminary Approval, if any, and any brief or other papers in support thereof.

9. At least ten (10) calendar days prior to the Settlement Hearing, Headwaters shall serve on counsel in the Action and file with the Court proof, by affidavit or declaration, of the dissemination of the Notice and Summary Notice as detailed in paragraphs five and six herein.

10. The Class and all Current Headwaters' Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class or to Current Headwaters' Stockholders.

11. Pending final determination of whether the Settlement should be approved, no Class member or Current Headwaters' Stockholders, either directly, representatively, or in any capacity, shall commence or prosecute against any of the Defendants, either directly or representatively, or in any other capacity any of the Released Claims.

12. Any Class member or any of the Current Headwaters' Stockholders may object or appear and show cause, if he, she, or it has any concern, that the Settlement of the Action should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, that no Class member and no Current Headwaters' Stockholders shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award to Plaintiff's Counsel unless that Class member or that one of the Current Headwaters' Stockholders has, at least twenty-one (21) calendar days prior to the Settlement Hearing: (i) filed with the Clerk of the Court a written objection to the Settlement

4

setting forth: (a) the objector's name, address and phone number; (b) the nature of the objection; (c) proof of ownership of Headwaters common stock as of December 31, 2012, the record date for the determination of stockholders who were entitled to vote at the 2013 Annual Meeting, if a member of the Class, and proof of ownership of Headwaters common stock on the date the Court approves the form and manner of this Notice, if one of the Current Headwaters' Stockholders; and (d) any documentation in support of such objection; and (ii) if a Class member or any of the Current Headwaters' Stockholders intends to appear and requests to be heard at the Settlement Hearing, such Class members or Current Headwaters' Stockholders must have, in addition to the requirements of (i) above, filed with the Clerk of the Court: (a) a written notice of the Class member's or Current Headwaters' Stockholders' intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the member of the Class or the Current Headwaters' Stockholders intends to call at the Settlement Hearing and the subjects of their testimony. If a member of the Class or one of the Current Headwaters' Stockholders files a written objection and/or written notice of intent to appear, such member of the Class or Current Headwaters' Stockholders must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court upon each of the following by hand delivery or by first-class mail, postmarked no later than August 7. 2014, referencing Case No. 13-CV-00330 BSJ:

LEVI & KORSINSKY, LLP
Eduard Korsinsky
Steven J. Purcell
ek@zlk.com
spurcell@zlk.com
30 Broad Street, 24th Floor
New York, New York 10004

PILLSBURY WINTHROP SHAW
 PITTMAN LLP
Sarah A. Good (*pro hac vice*)
Laura C. Hurtado (*pro hac vice*)
Four Embarcadero Center, 22nd Floor
Post Office Box 2824
San Francisco, CA 94126-2824
Tel.: (415) 983-1000

5

(212) 363-7500

ABBOTT LAW FIRM
Nelson Abbott
Peter Lattin
peter@abbottlawfirm.com
nelson@abbottlawfirm.com
3651 North 100 East, Suite 350
Provo, UT 84604
(801) 373-1112
*Attorneys for Plaintiff*

sarah.good@pillsburylaw.com
laura.hurtado@pillsburylaw.com

*Attorneys for Nominal Defendant,*
*Headwaters Incorporated*

COVINGTON & BURLING LLP
Clara J. Shin (*pro hac vice* )
One Front Street, 35th Floor
San Francisco, CA 94111
Tel.: (415) 591-6000
cshin@cov.com

*Attorneys for Kirk A. Benson, E.J. Garn,*
*Raymond J. Weller, R Sam Christensen,*
*William S. Dickinson, Malyn K. Malquist,*
*Blake O. Fisher, Jr., and James A. Herickhoff*

STRONG & HANNI
Graden Jackson (08607)
9350 South 150 East, Suite 820
Sandy, UT 84070
Tel.: (801) 532-7080
gjackson@strongandhanni.com

*Attorney for Sylvia Summers and*
*Grant E. Gustafson*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first-class mail, postmarked no later than August 7, 2014, referencing Case No. 13-CV-00330 BSJ to:

Office of the Clerk
U.S. District Court, District of Utah
351 South West Temple, Room 1.100
Salt Lake City, Utah 84101

13.    Any Class member or any of the Current Headwaters' Stockholders who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness,

reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, or to the Fee Award to Plaintiff's Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

14. The Settling Parties' response to objections, if any, by a Class member or any of the Current Headwaters' Stockholders, and Plaintiff's Counsel's reply brief in support of their application for the Fee Award, if any, shall be filed with the Court and served at least five (5) calendar days prior to the Settlement Hearing.

15. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any nature. Defendants may file the Stipulation and/or Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Class or Current Headwaters' Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

7

17.     The Court may approve the Settlement, with such modifications, as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class or Current Headwaters' Stockholders.

**IT IS SO ORDERED**

Dated: __5/19/2014__                          _Bruce S. Jenkins_

                                              U.S.D.J.

Approved as to form:


____/s/ Blaine J. Benard____                  ____/s/ Matthew L. Lalli____
Blaine J. Benard (5661)                       Matthew L. Lalli  (6105)
Brett L. Foster (6089)                        James D. Gardner (8798)
Christopher B. Hadley (14055)                 SNELL & WILMER
HOLLAND & HART LLP                            Gateway Tower West
222 S. Main Street, Suite 2200                15 West South Temple, Suite 1200
Salt Lake City, UT 84101                      Salt Lake City, UT  84101-1547
Tel.: (801) 799-5800                          Tel.: (801) 257-1929
bfoster@hollandhart.com                       mlalli@swlaw.com
cbhadley@hollandhart.com                      jgardner@swlaw.com
BJBenard@hollandhart.com
                                              *and*
*and*
                                              Sarah A. Good (*pro hac vice*)
Clara J. Shin (*pro hac vice* )               Laura C. Hurtado (*pro hac vice*)
COVINGTON & BURLING LLP                       PILLSBURY WINTHROP SHAW PITTMAN LLP
One Front Street, 35th Floor                  Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111                      Post Office Box 2824
Tel.: (415) 591-6000                          San Francisco, CA  94126-2824
cshin@cov.com                                 Tel.: (415) 983-1000
                                              sarah.good@pillsburylaw.com
                                              laura.hurtado@pillsburylaw.com
*Attorneys for Kirk A. Benson, E.J. Garn,*
*Raymond J. Weller, R Sam Christensen,*
*William S. Dickinson, Malyn K. Malquist,*    *Attorneys for Nominal Defendant,*
*Blake O. Fisher, Jr., and James A. Herickhoff*  *Headwaters Incorporated*

8

_____/s/ Graden Jackson_____
Graden Jackson (08607)
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, UT 84070
Tel.: (801) 532-7080
gjackson@strongandhanni.com

*Attorney for Sylvia Summers and
Grant E. Gustafson*

_____/s/ Steven J. Purcell_____
Steven J. Purcell (*pro hac vice*)
Eduard Korsinsky (*pro hac vice*)
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Tel.: (212) 363-7500
ek@zlk.com
spurcell@zlk.com

*and*

Nelson Abbott  (6695)
Peter Lattin  (12152)
ABBOTT LAW FIRM
3651 North 100 East, Suite 350
Provo, UT 84604
Tel.:  (801) 373-1112
peter@abbottlawfirm.com
nelson@abbottlawfirm.com

*Attorneys for Plaintiff*

9

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Eli R. Greenstein (217945)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Phone: (415) 400-3000
Fax: (415) 400-3001
egreenstein@ktmc.com

-and-

Eric L. Zagar (250519)
James H. Miller
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Phone: (610) 667-7706
Fax: (267) 948-2512
ezagar@ktmc.com
jmiller@ktmc.com
mgoldstein@ktmc.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LOUIS POLICE RETIREMENT SYSTEM, On Behalf Of Itself and All Others Similarly Situated and Derivatively on Behalf of Nominal Defendant ABAXIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLINTON H. SEVERSON, ALBERTO R. SANTA INES, KENNETH P. ARON, VLADIMIR E. OSTOICH, DONALD P. WOOD, MARTIN V. MULROY, RICHARD J. BASTIANI, MICHAEL D. CASEY, HENK J. EVENHUIS, PRITHIPAL SINGH, VERNON E. ALTMAN, AND ERNEST S. TUCKER, <br><br> Defendants, <br><br> and <br><br> ABAXIS, INC. <br><br> Nominal Defendant. | **CASE NO. 12-CV-05086-YGR** <br><br><br><br><br> ~~[PROPOSED]~~ **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** AS MODIFIED BY THE COURT |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Plaintiff has made an application for an order (i) preliminarily approving the settlement of the above-captioned action (the "Action"), in accordance with the Stipulation of Settlement dated January 16, 2014 (the "Stipulation" or "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions of a proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving distribution of the Notice of Proposed Settlement (attached to the Stipulation as Exhibit B);

WHEREAS, Defendants consent to the entry of this Order;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the exhibits annexed thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2.     For purposes of the Settlement only, and pending the Settlement Hearing (defined below), the Action is provisionally certified as a mandatory non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(l) and 23(b)(2), on behalf of a class consisting of all persons and entities that held common stock in Abaxis as of the close of business on August 31, 2012, which represents the record date for the shareholders entitled to vote at Abaxis's October 24, 2012 Annual Meeting (excluding the Individual Defendants, members of the immediate family of any Individual Defendant, and any person, firm, trust, corporation, or other entity related to, or affiliated with, any Individual Defendant ("Excluded Persons"), and the legal representatives, heirs, successors or assigns of any such Excluded Person) (the "Class").  For purposes of the Settlement only, Plaintiff St. Louis Police Retirement System shall be certified as the representative of the Class.

3.  A hearing (the "Settlement Hearing") shall be held before this Court on June 17, 2014, at 2:00 p.m., at the Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612, to determine:  (1) whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Abaxis and Abaxis shareholders and should be finally approved by the Court; (2) whether a Final Order and Judgment as provided in ¶1.5 of the Stipulation should be entered herein, and (3) whether to approve Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses (the "Fee Award").

4.  The Court approves, in form and content, the Notice (attached to the Stipulation as Exhibit B, as revised by the parties) and the "Press Release Notice" submitted to the Court.  The Court further finds that the distribution of the Notice and Press Release Notice substantially in the manner and form as set forth in the Stipulation and in Paragraph 5 of this order meets the requirements of due process and all other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of the matters set forth therein for all purposes to all Persons entitled to such notice.

5.  Not later than ten (10) calendar days following entry of this Order, Abaxis shall disseminate the Notice to Abaxis shareholders by causing (1) the Notice to be filed with the United States Securities and Exchange Commission on Form 8-K and (2) the Press Release Notice to be to be issued in a national newswire, such as Business Wire, and posted on the Company's website.

6.  At least twenty one (21) calendar days prior to the Settlement Hearing, Abaxis's counsel shall serve on Plaintiff's Counsel and file with the Court an appropriate affidavit attesting to compliance with the notice procedures set forth in this Order.

7.  All Abaxis shareholders shall be bound by all orders, determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Abaxis shareholders.

8.  Pending final determination of whether the Settlement should be approved, no Abaxis shareholders, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

9. All papers in support of the Settlement, including Plaintiff's Counsel's application for a Fee Award, shall be filed with the Court and served at least thirty-five (35) calendar days prior to the Settlement Hearing.

10. All papers in opposition to the Settlement, including Defendants' Counsel's opposition to Plaintiff's Counsel's application for a Fee Award, shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing.

11. Plaintiff's Counsel's reply brief, if any, shall be filed with the Court and served at least fourteen (14) days prior to the Settlement Hearing.

12. Any Abaxis shareholder may appear and show cause if he, she or it has any reason why the terms of the Stipulation, the Settlement of the Action, and/or the Fee Award should not be approved as fair, reasonable and adequate, or why a Final Order and Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no Abaxis shareholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Stipulation, the Settlement, and/or the Fee Award, or, if approved, the Final Order and Judgment to be entered thereon approving the same, unless that Person has, at least twenty-one (21) calendar days prior to the Settlement Hearing, filed with the Clerk of the Court and delivered upon the following counsel (delivered by hand or sent by first class mail) (1) a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of current ownership of Abaxis common stock, including the number of shares of Abaxis common stock currently held and the date of purchase of Abaxis common stock; and (c) any documentation in support of such objection; and (2) if a current Abaxis shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, signed as authorized by the objecting shareholder, and copies of any papers and briefs in support thereof:

Eric L. Zagar
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road

Radnor, PA 19087

Jonathan M. Stein
SAXENA WHITE, P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431

*Counsel for Plaintiff St. Louis Retirement System*

and

Thad A. Davis
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105

*Counsel for Individual Defendants*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

CLERK OF THE COURT
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

Any Abaxis shareholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and to the Fee Award, unless otherwise ordered by the Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the release to be given.

13.    The provisions contained in the Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

14.    All proceedings in the Action, other than as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended pending final determination of

1   whether the Settlement provided for in the Stipulation shall be approved.  Plaintiff and Abaxis

2   shareholders, or any them, are hereby barred and enjoined from commencing, prosecuting,

3   instigating, continuing, or in any way participating in the commencement or prosecution of any

4   action, in any forum, asserting any Released Claims against any of the Released Persons.

5          15.    The Court reserves the right to adjourn the date of the Settlement Hearing or modify

6   any other dates set forth herein without further notice to the Abaxis shareholders, and, subject to the

7   terms of the Final Order and Judgment, retains jurisdiction <u>for a period of one year from entry of</u>

8   <u>judgment to consider</u> all  further  applications arising out of or connected with the Settlement.

9          16.    The Court may approve the Settlement, with such modifications as may be agreed to

10  by the Parties, if appropriate, without further notice to Abaxis shareholders.

11         IT IS SO ORDERED.

12

13  DATED:  <u>April 15, 2014</u>

14                                          HONORABLE YVONNE GONZALEZ ROGERS
                                            U.S. DISTRICT COURT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT PHILLIPS, derivatively on behalf of ALPHATEC HOLDINGS, INC. and individually on behalf of himself and all other similarly situated shareholders of ALPHATEC HOLDINGS, INC., ) ) ) ) ) ) | Civil Action No. 1:13-cv-00948-RGA |
| Plaintiff, ) ) | |
| v. ) ) | |
| LESLIE H. CROSS, MORTIMER BERKOWITZ III, JOHN H. FOSTER, R. IAN MOLSON, STEPHEN E. O'NEIL, JAMES R. GLYNN, ROHIT M. DESAI, SIRI S. MARSHALL, LUKE T. FAULSTICK, STEPHEN H. HOCHSCHULER, DIRK KUYPER, MICHAEL O'NEILL, WILLIAM PATRICK RYAN AND THOMAS MCLEER, ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, ) ) | |
| and ) ) | |
| ALPHATEC HOLDINGS, INC., a Delaware Corporation, ) ) ) ) | |
| Nominal Defendant. ) ) | |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Settling Parties have made an application, pursuant to Rule 23.1 of the

Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the settlement of the

above-captioned action, in accordance with a Stipulation of Settlement dated September 20,

2013, which, together with the exhibits annexed thereto, sets forth the terms and conditions for

the proposed settlement and dismissal of this action with prejudice, upon the terms and

conditions set forth therein; (ii) approving the form and content of the Summary Notice of Pendency and Proposed Settlement of the above-captioned action ("Summary Notice") for publication on the website of Alphatec Holdings, Inc. ("Alphatec" or the "Company"); (iii) approving the form and content of the Notice of Pendency and Proposed Settlement of the above-captioned action ("Notice") for publication in *Investor's Daily Business*; and (iii) setting a hearing for final approval of the Settlement;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having considered the Stipulation and the exhibits annexed thereto and having heard the argument of the Settling Parties at the preliminary hearing,

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. The Settlement Hearing shall be held before this Court on January 3, 2014 at 4:00 p.m. to determine: (i) whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Alphatec and the Class, and should be finally approved by the Court; (ii) whether the Judgment as provided in Section 2.4 of the Stipulation and attached as Exhibit D thereto should be entered herein; and (iii) whether the Fee and Expense Award (as defined in Section 4.1 of the Stipulation) should be awarded to Plaintiff's Counsel.

3. The Court approves, as to form and content, the Summary Notice and the Notice attached to the Stipulation as Exhibit A and Exhibit B, respectively, and finds that the posting

2

and publishing of such notices, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

4.     Not later than fifteen (15) calendar days following entry of this Order, Alphatec shall cause the Summary Notice, substantially in the form attached as Exhibit A to the Stipulation, to be published in *Investor's Business Daily*.

5.     Not later than fifteen (15) calendar days following entry of this Order, Alphatec shall cause the Notice, substantially in the form attached as Exhibit B to the Stipulation, and the Stipulation to be published on the Company's website.

6.     At least twenty-eight (28) calendar days prior to the Settlement Hearing, Plaintiff shall serve on counsel in the Action and file with the Court its papers in support of final approval of the settlement and its application for the Fee and Expense Award, together with any brief and other papers in support thereof.

7.     At least fourteen (14) calendar days prior to the Settlement Hearing, Defendants shall serve on counsel in the Action and file with the Court their opposition to the Fee and Expense Award, if any, together with any brief and other papers in support thereof.

8.     At least ten (10) calendar days prior to the Settlement Hearing, Alphatec shall serve on counsel in the Action and file with the Court proof, by affidavit or declaration, of the publication of the Summary Notice as detailed in paragraph 4.

9.     At least ten (10) calendar days prior to the Settlement Hearing, Alphatec shall serve on counsel in the Action and file with the Court proof, by affidavit or declaration, of the publication of the Notice and Stipulation as detailed in paragraph 5.

3

10. The Class shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

11. Pending final determination of whether the Settlement should be approved, no Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants or Alphatec, or derivatively on behalf of Alphatec, any action or proceeding in any court or tribunal asserting any of the Settled Claims.

12. Any Class Member may object or appear and show cause, if he, she, or it has any concern, that the Settlement of the Action should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee and Expense Award should not be awarded to Plaintiff's Counsel; provided, however, unless otherwise ordered by the Court, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Award to Plaintiff's Counsel unless that Class Member has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Alphatec common stock from April 23, 2013 through June 21, 2013, including the number of shares of Alphatec common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Class Member intends to appear and requests to be heard at the Settlement Hearing, such Class Member must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the Class Member intends to call at the Settlement Hearing and the subjects of their testimony. If a Class Member files a written

4

objection and/or written notice of intent to appear, such Class Member must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such Class Member files with the Court (either by hand delivery or by first class mail), upon each of the following thereof:

LEVI & KORSINSKY, LLP

Shane T. Rowley
30 Broad Street, 24th Floor
New York, New York 10004
(212) 363-7500

FARNAN LLP

Brian E. Farnan
Michael J. Farnan
Rosemary J. Piergiovanni
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300

*Attorneys for Plaintiff*

LATHAM & WATKINS LLP

Colleen C. Smith
600 West Broadway, Suite 1800
San Diego, CA 92101
(619) 236-1234

Michele D. Johnson
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235

*Attorneys for Defendants*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

Clerk of the Court
U.S. District Court, District of Delaware
844 N. King Street
Wilmington, D.E. 19801

Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, or to the Fee and Expense Award to Plaintiff's Counsel, unless

5

otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

13.     The Settling Parties' responses to objections, if any, by a Class Member or Members, and the Plaintiff Counsel's reply brief in support of their application for the Fee and Expense Award, if any, shall be filed with the Court and served at least five (5) calendar days prior to the Settlement Hearing.

14.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Defendants or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Parties in any proceeding of any nature. Defendants or any Released Party may file the Stipulation and/or the Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

15.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

16.     The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

6

IT IS SO ORDERED:

DATED: _October 22, 2013_

Richard G. Andrews

THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

7