IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TERRY MONSON, derivatively on behalf of ASSOCIATED ESTATES REALTY CORPORATION and individually on behalf of himself and all others similarly situated shareholders of ASSOCIATED ESTATES REALTY CORPORATION,<br><br>      Plaintiff,<br><br>vs.<br><br>JEFFREY I. FRIEDMAN, ALBERT T. ADAMS, MICHAEL E. GIBBONS, MARK L. MILSTEIN, JAMES J. SANFILIPPO, JAMES A. SCHOFF, RICHARD T. SCHWARZ, AND JAMES M. DELANEY,<br><br>      Defendants,<br><br>      -and-<br><br>ASSOCIATED ESTATES REALTY CORPORATION, an Ohio Corporation,<br><br>      Nominal Defendant. | Case No. 1:14-cv-01477<br><br>Judge Patricia A. Gaughan |

**ORDER PRELIMINARILY APPROVING
DERIVATIVE AND CLASS SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the parties having made application, pursuant to Federal Rules of Civil Procedure 23(a), (b)(1) and (2), and 23.1, for an order (i) preliminarily approving the settlement ("Settlement") of the above-captioned action ("Action"), in accordance with the Stipulation of Settlement dated as of October 3, 2014 ("Stipulation"), which, together with the Exhibits appended thereto, sets forth the terms and conditions for the proposed Settlement of the Action

and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; (ii) approving the form and content of the Notice of Proposed Settlement of Derivative and Class Action ("Notice") to be furnished to the United States Securities and Exchange Commission on Form 8-K and posted on certain websites, and the form and content of the Summary Notice of Proposed Settlement of Derivative and Class Action ("Summary Notice") for publication in *Investor's Business Daily*; and (iii) setting a hearing for final approval of the Settlement; and

WHEREAS, all capitalized terms contained herein shall have the same meanings set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having: (i) read and considered the Plaintiff's [Unopposed Motion for Preliminary Approval of Derivative and Class Settlement] together with Plaintiff's accompanying Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Settlement; (ii) read and considered the Stipulation, as well as all the exhibits appended thereto, each of which is integral to and incorporated by reference into the Stipulation; and (iii) heard and considered arguments by counsel for the Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval, in that it provides a beneficial result for Associated Estates Realty Corporation ("Associated Estates" or the "Company"), its shareholders, and the members of the Class, and appears to be the product of good faith, informed, and non-collusive negotiations between experienced and able counsel for the Parties;

WHEREAS, the Court also finds, upon a preliminary evaluation, that Current Associated Estates Shareholders and members of the Class should be apprised of the Settlement through the

notice program for which the Stipulation provides, allowed to file objections, if any, thereto, and appear at the Settlement Hearing; and

NOW THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. This Court hereby preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for Settlement and dismissal with prejudice of the Action.

2. For purposes of the Settlement only, and pending the Settlement Hearing, the Action is provisionally certified as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1) and (2) on behalf of the Class consisting of all owners of Associated Estates common stock as of March 19, 2014, the record date for the determination of shareholders who were entitled to vote at the 2014 Annual Meeting, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them. Excluded from the Class are Defendants, members of the immediate family of any Defendant, any entity in which any Defendant has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded person. For purposes of the Settlement only, Plaintiff Terry Monson is certified as the representative of the Class.

3. The Settlement Hearing shall be held before this Court on November 25, 2014 at 9:00 a.m. at the Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113, Courtroom 19B, to determine: (i) whether the Court should finally certify the Action as a class action pursuant to Federal Rule of Civil Procedure 23; (ii) whether the Settlement of the Action on the terms set forth in the Stipulation should be finally approved by

the Court as fair, reasonable, and adequate to Associated Estates, Current Associated Estates Shareholders, and members of the Class; (iii) whether the dismissal of the Action with prejudice, pursuant to the Stipulation, should be approved by the Court and judgment be entered in all material respects substantially in the form attached to the Stipulation as Exhibit D; (iv) whether, subject to the terms of the Stipulation, the Court should approve the award of attorneys' fees and costs to Plaintiff's Counsel in the amount of $300,000 to be paid by the Company, and the payment of an incentive award to Plaintiff by Plaintiff's Counsel out of the $300,000 or other amount awarded to Plaintiff's Counsel as attorneys fees and costs; and (v) such other matters as will properly come before the Court.

4. The Court approves, as to form and content, the Notice and Summary Notice appended to the Stipulation as Exhibits B and C, respectively, and finds that their terms and their dissemination substantially in the manner and form set forth in this Order, meet the requirements of Federal Rules of Civil Procedure 23(c)(2)(A) and (e)(1) and 23.1(c), and of due process, are the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled thereto. Non-material changes to the form of Notice and Summary Notice may be made without further order of the Court.

5. Not later than ten (10) calendar days following entry of this Order, Associated Estates shall cause a copy of the Summary Notice substantially in the form appended as Exhibit C to the Stipulation to be published once in *Investor's Business Daily*.

6. Not later than ten (10) calendar days following entry of this Order, Associated Estates shall disseminate the Notice to Current Associated Estates Shareholders and members of the Class by causing the Notice substantially in the form appended to the Stipulation as Exhibit B to be furnished to the United States Securities and Exchange Commission via a current report on

Form 8-K. As further such dissemination, Associated Estates and Levy & Korsinsky, LLP each shall cause the Notice and Stipulation to be posted on their respective websites.

7. At least five (5) calendar days prior to the Settlement Hearing, Associated Estates and Levy & Korsinsky, LLP shall file with the Court and serve proof, by affidavit or declaration, of the publication and dissemination of the Notice and Summary Notice, to the extent each is severally responsible as detailed in paragraphs five and six above.

8. At least twenty-one (21) calendar days prior to the Settlement Hearing, Plaintiff shall file with the Court and serve its papers in support of final approval of the Settlement and its application for the Fee Award along with any brief and other papers in support thereof.

9. Any Class member or any Current Associated Estates Shareholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement of the Action should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee Award or the payment of an incentive award should not be approved; provided, however, unless otherwise ordered by the Court, no member of the Class and no Current Associated Estates Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the Settlement, or the Fee Award to Plaintiff's Counsel, unless that member of the Class or that Current Associated Estates Shareholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (i) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the objector's name, address, and phone number; (b) the nature of the objection, including the grounds therefore; (c) proof of ownership of Associated Estates common stock as of March 19, 2014, the record date for the determination of stockholders who were entitled to vote at the 2014 Annual Meeting (if the objector is a member of the Class),

and/or proof of ownership of Associated Estates common stock on the date the Court approves the form and manner of this Notice (if the objector is a Current Associated Estates Shareholder); and (d) any documentation that supports the objection or that the objector otherwise desires the Court to consider; and (ii) if a member of the Class or any Current Associated Estates Shareholder intends to appear and request to be heard at the Settlement Hearing, that member of the Class or that Current Associated Estates Shareholder must have, in addition to the requirements of (i) above, filed with the Clerk of the Court: (a) a written notice of the Class member's or Current Associated Estates Shareholder's intention to appear; (b) a statement that indicates the basis for the appearance; and (c) the identities of any witnesses the member of the Class or the Current Associated Estates Shareholder intends to call at the Settlement Hearing and a statement of the subjects of their testimony. If a member of the Class or any Current Associated Estates Shareholder files a written objection and/or written notice of intent to appear, that member of the Class or that Current Associated Estates Shareholders must also simultaneously serve copies of such notice, proof of ownership, statement, and documentation, together with copies of any other papers or briefs the shareholder files with the Court upon each of the following by overnight delivery, by hand delivery, or by first class mail postmarked no later than fourteen (14) calendar days before the Settlement Hearing, referencing Case No. 14-cv-01477. The addresses for filing of objections and notices of intention to appear with the Court and for service of them on counsel are as follows:

**The Court:**
Clerk of the Court
Carl B. Stokes United States Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113

**For Individual Defendants:**
Jones Day
Attn: John M. Newman, Jr.
901 Lakeside Avenue
Cleveland, Ohio 44114

| For Plaintiff: | For Associated Estates: |
|---|---|
| Levy & Korsinsky, LLP<br>Attn: Adam M. Apton<br>1101 30th Street N.W., Suite 115<br>Washington, D.C. 20007<br>   -and-<br>James D. Wilson LLC<br>Attn: James D. Wilson<br>29225 Chagrin Blvd., Suite 350<br>Cleveland, Ohio 44122 | Scott Irwin<br>Associated Estates Realty Corporation<br>1 AEC Parkway<br>Richmond Heights, Ohio 44143 |

Each respective counsel shall promptly furnish each other counsel with copies of any and all objections that come into its possession.

10. Unless the Court otherwise directs, no Current Associated Estates Shareholder or member of the Class shall be entitled to object to the approval of the Settlement or to the Fee Award or otherwise to be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. Any member of the Class or any Current Associated Estates Shareholder who does not make his, her, or its objection in the manner provided and within the time prescribed herein shall be deemed to have waived the right to object (including any right to appeal) and shall forever be foreclosed, in this proceeding or in any other proceeding, from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, or to the Fee Award to Plaintiff's Counsel, or to the incentive award to Plaintiff, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

11. The Parties' response to objections, if any, made by a member of the Class or by a Current Associated Estates Shareholder, and Plaintiff's Counsel's reply brief in support of their application for the Fee Award and payment of an incentive award, if any, shall be filed with the Court and served at least five (5) calendar days prior to the Settlement Hearing.

12. If Court approval of the Settlement does not occur for any reason, the Settlement and the Stipulation shall be null and void and of no force and effect. In such event, the Settling Parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the Stipulation, as though it were never executed or agreed to, and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Action, or to constitute an admission of fact by any Party, and shall not entitle any Party to recover any costs or expenses incurred in connection with the implementation of the Stipulation or the Settlement.

13. Neither the Stipulation nor the Settlement nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any nature. Defendants may file the Stipulation and/or Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to members of the Class or Current Associated Estates Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

15. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to members of the Class or Current Associated Estates Shareholders.

16. All members of the Class and all Current Associated Estates Shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class or to Current Associated Estates Shareholders.

17. Pending final determination of whether the Settlement should be approved, no Class member or Current Associated Estates Shareholders, either directly, representatively, or in any capacity, shall commence or prosecute against any of the Defendants, either directly, representatively, or in any other capacity, any of the Released Claims.

18. All proceedings in the Action, except those proceedings related to the Settlement, are hereby stayed until the resolution of all Settlement-related proceedings.

**IT IS SO ORDERED**

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 10/10/14