IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TERRY MONSON, derivatively on behalf of ASSOCIATED ESTATES REALTY CORPORATION and individually on behalf of himself and all others similarly situated shareholders of ASSOCIATED ESTATES REALTY CORPORATION,<br><br>       Plaintiff,<br><br>  vs.<br><br>JEFFREY I. FRIEDMAN, ALBERT T. ADAMS, MICHAEL E. GIBBONS, MARK L. MILSTEIN, JAMES J. SANFILIPPO, JAMES A. SCHOFF, RICHARD T. SCHWARZ, AND JAMES M. DELANEY,<br><br>       Defendants,<br><br>   -and-<br><br>ASSOCIATED ESTATES REALTY CORPORATION, an Ohio Corporation,<br><br>       Nominal Defendant. | Case No.  1:14-cv-01477<br><br>Judge Patricia A. Gaughan |

**FINAL JUDGMENT AND ORDER <u>OF</u>**
**<u>DISMISSAL WITH PREJUDICE</u>**

On November 25, 2014, this matter came before the Court for hearing pursuant to the Order of this Court dated October 10, 2014 ("Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of October 3, 2014. Due and adequate notice having been given to the members of the Class and to Current Associated Estates Shareholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully

- 2 -

informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same definitions and/or meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including Plaintiff, members of the Class, Current Associated Estates Shareholders, Associated Estates, and the Individual Defendants.

3. The Court finds that, for purposes of settlement only, the Action is a proper class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1) and (2).  Specifically, this Court finds that: (a) the members of the Class are so numerous that separate joinder of each member is impracticable; (b) there are questions of law or fact common to the Class, including whether the disclosures made by Associated Estates in the 2014 Proxy regarding the Amended/Restated 2011 Plan in connection with solicitation of shareholder votes the 2014 Annual Meeting were adequate and whether the Individual Defendants breached their fiduciary duties to members of the Class as to those disclosures; (c) the claims or defenses of the Plaintiff are typical of the claims or defenses of the Class in that they all arise from the same alleged course of conduct and are based on the same legal theories; (d) Plaintiff and his counsel have fairly and adequately protected the interests of Associated Estates and the Class; (e) the prosecution of separate actions by individual members of the Class would create a risk of either (i) inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Individual Defendants, or

- 3 -

(ii) adjudications with respect to individual members of the Class that would as a practical matter be dispositive of the interests of the other members of the Class not parties to the individual adjudications or substantially impair or impede their ability to protect their interest; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

4. For purposes of the Settlement only, the Action is certified as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1) and (2) on behalf of the Class consisting of all owners of Associated Estates common stock as of March 19, 2014, the record date for the determination of stockholders who were entitled to vote at the 2014 Annual Meeting, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them.  Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded person.

5. For purposes of the Settlement only, Plaintiff Terry Monson is hereby certified as the representative of the Class.  Plaintiff's Counsel is hereby certified as class counsel.

6. The Court finds that the Summary Notice of Proposed Settlement of Derivative and Class Action published in *Investor's Business Daily* and the Notice of Proposed Settlement of Derivative and Class Action furnished by Associated Estates to the United States Securities and Exchange Commission via a current report on Form 8-K and posted (along with the Stipulation) on the websites of Levi & Korsinsky LLP and Associated Estates provided the best notice

practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notices fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rules 23(c)(2)(A) and (e)(1), 23.1(c), and the requirements of due process under the U.S. Constitution.

7. All members of the Class and all Current Associated Estates Shareholders are bound by this Judgment, since full and adequate notice of the proceedings was given without any objections received in response thereto and a full opportunity to be heard was provided to members of the Class and to all Current Associated Estates Shareholders.

8. The Court finds that during the course of this Action, the Parties and their respective counsel, at all times, complied with Rule 11 of the Federal Rules of Civil Procedure.

9. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Parties and that the Settlement provides substantial benefits to Associated Estates, its shareholders, and members of the Class.  The Court hereby finally approves the Stipulation and the Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

10. The Action and all claims contained therein, as well as all Released Claims, are dismissed with prejudice.  As between Plaintiff, the members of the Class, and the Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11. Upon the Effective Date of the Judgment, Plaintiff, in his capacities as an individual for himself and on behalf of each of the members of the Class, and derivatively on behalf of Associated Estates, all members of the Class, Associated Estates, and Current Associated Estates Shareholders on behalf of themselves, their legal representatives, heirs, successors in interest,

and assigns, shall be deemed to have and by operation of this judgment shall have, fully finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Action and the Released Claims against the Released Parties, and shall forever be barred and enjoined from initiating, instigating, commencing, maintaining, or prosecuting, against any of the Released Parties any and all Released Claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

12. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged Plaintiff, Plaintiffs' Counsel, the Class, and all Current Associated Estates Shareholders (solely in their capacity as Associated Estates Shareholders) from all claims arising out of the institution, prosecution, Settlement, or resolution of the Action, including Unknown Claims; provided, however, that the Released Parties shall retain the right to enforce in the Court the terms of this Stipulation. Further, nothing herein shall limit or restrict in any way the rights of any Individual Defendant under the articles of incorporation or code of regulations of Associated Estates, or Ohio law, or other applicable law, equity, or contract, including without limitation any and all rights of indemnification and advancement of fees and costs.

13. The Court hereby approves the sum of $300,000.00 to be paid by Associated Estates to Plaintiffs' Counsel for attorney's fees and expenses according to the terms and conditions set forth in the Stipulation. The Court finds the Fee Award is fair and reasonable based upon the substantial benefits the Settlement conferred on Associated Estates, its shareholders, and the members of the Class.

14. The Court hereby approves an incentive award for Plaintiff in the amount of $2500.00 The incentive award shall be paid by Plaintiff's Counsel to Plaintiff out of the $300,000.00

CLI-202263337v1

payment referenced in ¶ 13 hereof. Neither Associated Estates nor any Individual Defendant bears any responsibility for payment of the incentive award.

15. The Parties have each expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under California Civil Code § 1542 and/or by or under any law of the United States or any state or territory of the United States, or principle of common law, that governs or limits a person's release of unknown claims, or that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge, and members of the Class and all Current Associated Estates Shareholders are hereby deemed to have acknowledged, that the waiver of Unknown Claims has been separately bargained for and is a key element of the Settlement.

16. Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

17. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any nature. Defendants and the Related Parties may file the Stipulation and/or Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if any condition set forth in ¶ 8.1 of the Stipulation fails to occur.

19. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk of the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 11/25/14